■ In the Matter of the Claim of CATHERINE LUIZZI, Respondent, v. TOBIN PACKING CO., INC., et al., Appellants.— WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board filed May 11, 1967. Claimant has received an award of compensation for a period commencing April 9, 1964 at the reduced earnings rate of $24.23 per week based upon a finding that her loss of earning capacity was due to a continuing causally related partial disability resulting from an accidental injury. Appellants contend that there is no substantial evidence to support the award. On May 3, 1954 the claimant slipped and fell in a hallway in the building where she was employed, suffering a back injury. A compensation award was made to cover the period of her lost time from May 5, 1954 to October 18, 1954 based on findings establishing accident, notice, and causal relationship. Her causally related back pathology was classified as mildly permanently and partially disabling. Her average weekly wage had been established at $72.69. The record indicates that during the 10-year period following the accident, the case was closed and reopened several times with at least five awards for intermittent lost time. Claimant remained under constant medical treatment for back pain resulting from the injury and she was unable to do the same heavy work after the injury that she had performed before. As early as November 28, 1956, the board found, upon proper medical proof, *permanent* partial disability, which finding seems never to have been attacked, specifically at least. On April 9, 1964 claimant became ill at work because of her nerves, and was thereafter hospitalized for two weeks. Claimant did not return to work and, at the suggestion of her psychiatrist, she retired on a pension on September 17, 1964. The case was closed on January 6, 1965 with a finding that there was no medical evidence of further causally related disability due to the accident. The case was last reopened following a report sworn to by claimant's attending physician on December 16, 1965, showing a "permanent defect" resulting in a 50% loss of use, causally related to the May 3, 1954 accident. Hearings were held on March 23, April 25, and June 21, 1966. The appellants contend that claimant's loss of earning capacity, subsequent to April 9, 1964, was due solely to her retirement and withdrawal from the labor market because of an unrelated paranoid physical condition. On April 25, 1966 the claimant testified that her nerves were now all right; that she had not seen her psychiatrist for two years; and that her physical complaint was the pain in the lower part of her back and right side. Dr. Forster, testifying for the appellants, stated that, in his opinion, the claimant did not have any related disability. On June 21, 1966 Dr. Teresi, testifying for the appellants, stated that the claimant's psychiatrist gave as the reason for

her retirement, the diagnosis of "involutional psychotic reaction with paranoid trends" and that it was Dr. Teresi's opinion that in April, 1964 claimant had no remaining disability as a result of the accident. Dr. Jasper, testifying for the claimant, stated he had been treating her since 1956; that he examined her on September 17, 1965, and diagnosed her condition as low back sprain which was a continuation of the pain ever since the time of the accident. He treated the claimant on an average of twice a month during 1965 with substantially the same complaints and, in his opinion, on these occasions, she was partially disabled from work; that in April, 1964 when she quit work, she was still having back pain and, in his opinion, her related disability to her back was moderate, permanent, and partial. He further testified that the claimant was never completely free of pain in her back even while she was working. Dr. Jasper filed reports on June 16, 1964, July 29, 1964, April 20, 1965, November 17, 1965, and September 13, 1966, all to the effect that claimant had low back sprain with disc injury and could perform light work intermittently when back permits. On May 5, 1964 Dr. Colfer, a Board Medical Examiner, reported that claimant's "over-all disability is moderate," and Dr. Walk, also a Board Medical Examiner, reported on March 23, 1966 that claimant complained of discomfort in mid-lower and left lower back and concluded that she had an "over-all partial disability." The record contains ample substantial evidence to support the board's finding that the claimant continues to have a partial disability by reason of her continuing causally related back pathology which limits her earning capacity to the extent of 50%. An award for reduced earnings is sustainable where there is substantial proof of the effect of claimant's disability upon her post-retirement earnings, or if the disability is even a contributing factor. (*Matter of Papkoff* v. *Feldman,* 26 A D 2d 140, affd. 19 N Y 2d 932; *Matter of Fromm* v. *Rochester Tel. Corp.,* 22 A D 2d 728; cf. *Matter of Schuster* v. *Taubman,* 29 A D 2d 697.) "The fact claimant retires or is laid off from his job does not preclude an award where there is a subsequent loss of wage-earning capacity which is due to claimant's disability rather than to old age, general economic conditions or other factors unconnected with his disability." (*Matter of O'Connell* v. *New York State Workmen's Compensation Bd.,* 14 A D 2d 945, mot. for lv. to app. den. 11 N Y 2d 641; see, also, *Matter of Fey* v. *Republic Aviation Corp.,* 6 A D 2d 928, mot. for lv. to app. den., 5 N Y 2d 707.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum decision by Staley, Jr., J.